### COLUMBUS (city) v PETTY

Ohio Appeals, 2nd Dist, Franklin Co

No 2849. Decided March 31, 1938

Charles R. Petree, Asst. City Atty., Columbus, for plaintiff-appellee.

R. E. Bothwell, Columbus, and Gordon Williams, Columbus, for defendant-appellant.

## OPINION

By THE COURT

The above entitled cause is now being determined as an error proceeding by virtue of defendant's appeal from a judgment of conviction and sentence in the Municipal Court of Columbus, Franklin County, Ohio.

On the 21st day of October, 1937, a warrant issued against the defendant, Frank Petty, by virtue of an affidavit filed in Municipal Court which, omitting the formal parts, read in the words and figures following:

"A. E. Remmert being first duly cautioned and sworn, deposeth and saith that one Frank Petty on or about the 20th day of October, A. D. 1937, at the city of Columbus, County of Franklin, and State of Ohio, did then and there being, unlawfully, recklessly and carelessly operate a certain motor vehicle, to-wit, an automobile, upon Gay Street in said city, and did then and there operate said motor vehicle upon said street at the rate of four— miles, and in such a manner as to endanger the lives and limbs of persons using said street, contrary to the ordinance of the city in such case made and provided, and further deponent saith not."

The section of the ordinance under which the prosecutiin is claimed to be instituted is §1301 and reads as follows:

"Sec 1301 GC—RECKLESS DRIVING. Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving."

The assignment of errors sets out seven separate specifications of error. These may be summarized under two classifications as follows:

(1) That the affidavit fails to set forth sufficient facts to constitute an offense.

(2) That the finding and judgment is against the weight of the evidence; that there is entire absence of sufficient evidence upon which to predicate a conviction; that under the law final judgment should be entered in favor of the appellant.

The following brief statement of facts will render understandable the nature of the controversy.

The defendant, Petty, a young man about nineteen years of age, on the day in question was operating a light radio truck in a westerly direction on Gay Street. He had pulled up to the curb and stopped a short distance east of Water Street for the purpose of transacting some business in a nearby building. He came back to his truck, pulled out and drove westerly toward the intersection of Water Street. According to the testimony, Gay Street is about 60 feet in width. Water Street south of Gay Street is about the same width. As the defendant, Petty, approached the intersection proceeding westerly, a Mr. Shaucet, driving a De Soto car was also approaching the intersection on Water Street, proceeding in a northerly direction. Water Street north of the intersection is a one way street said to be designated for vehicles traveling north only. As these two cars heretofore mentioned were approaching the intersection there was coming from the north in a southerly direction an automobile operated by some person whose name is not mentioned in the record. This car is referred to as a Chevrolet and was improperly on the street. That is for the reason as heretofore indicated that he was approaching in a southerly direction and the street was designated for traffic moving north only. Both the defendant and the driver of the De Soto approached the in-

tersection at approximately the same time. Each saw the other's car but only momentarily, and thereafter gave their exclusive attention to the third car improperly moving southerly on this one-way street. The three cars met at the northwest quarter of the intersection and all came together in a collision. Very substantial damage was inflicted on all three cars. The first collision took place between the Shaucet De Soto and the Chevrolet car. This brought both cars to a stop and the car operated by the defendant struck the De Soto car shortly thereafter. The question arises as to what, if anything, the defendant did in violation of §1301 of the Revised Ordinances. Through breaking down this section it will be observed that four separate operations are declared to be in violation of the ordinances as follows:

1. Carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others.

2. Without due caution and circumspection.

3. At a speed.

4. In a manner so as to endanger or be likely to endanger any person or property.

It will be observed that the first part of the section is predicated upon wilful or wanton disregard. The words "carelessly and heedlessly" are used but only in connection with wilful and wanton. We find no evidence in the record supporting the wilful and wanton misconduct. No rate of speed is set out in the affidavit, nor does the record present any evidence of speed. The nearest approach on the question of speed was the testimony of Mr. Remmert, the police officer. He testified that he saw the defendant pull away from the curb "at fast rate of speed." Of course this is nothing more than a conclusion and may not be accepted as evidence of speed. There is the further charge in the affidavit of the operation of the car "in such a manner as to endanger the lives and limbs of persons using said street", etc. The police officer, Remmert, also testified that there was no effort on the part of the defendant to use the care of an ordinary person when he entered the intersection. Again this is nothing more than a conclusion and can have no probative force. §1309 of the Revised Ordinances reads as follows:

"Sec 1309. RIGHT OF WAY BETWEEN VEHICLES. Vehicles approaching an intersection shall yield the right of way to a vehicle which has entered the intersection. When two vehicles enter an intersection at the same time the driver of the vehicle on the left shall yield to the driver on the right."

This is practically the same provision as providing right of way by the General Code. In addition there is a provision in the ordinance and also in the General Code as to rights of way on main thoroughfares. According to the testimony of the driver of the De Soto car, page 7 of the record, he entered the intersection at the same time as the defendant (p. 7, record). Under this situation it was his duty to yield the right of way to the defendant. In this particular it clearly appears that the driver of the De Soto violated not only the ordinances but the General Code in attempting to cross ahead of the defendant. This driver also testified that he was driving from twenty-five to thirty miles an hour. The ordinance prescribes a speed of twenty miles an hour. It also appears that he pulled in front of the defendant's car and over onto the left hand side of the street into the path of the Chevrolet. The defendant had the right of way as against both the cars moving on Water Street. The Chevrolet was being operated wrongfully on a one way street. Of course the defendant, after becoming aware of the wrongful conduct on the part of the other two cars owed the duty to not wilfully or wantonly do harm to their person or property.

The wrongful conduct of the operators of the two cars on Water Street created an emergency and the record presents no evidence of wilful or wanton misconduct on the part of the defendant.

This being a criminal action the law fixes a standard of proof, to-wit, beyond reasonable doubt.

We are constrained to the view that the evidence presented in the record does not establish the guilt of the accused.

It is our judgment that the trial court was in error in not sustaining motion to dismiss the defendant.

Final judgment will be entered discharging the defendant and costs will be adjudged against plaintiff.

Entry may be drawn accordingly.

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.