CITY OF AKRON, APPELLEE, *v.* HULL, APPELLANT.

(No. 3585—Decided June 23, 1943.)

*Mr. A. F. O'Neil,* director of law, and *Mr. Louis L. Manes,* for appellee.

*Mr. O. H. Corvington,* for appellant.

STEVENS, P. J. This is an appeal on questions of law from a judgment of the Municipal Court of Akron.

The defendant, George D. Hull, was charged by affidavit, filed in said Municipal Court, as follows:

"* * * Geo. D. Hull * * * on or about the 2 day of Feb., * * * one thousand nine hundred forty-three, * * * did unlawfully operate a motor vehicle

upon a public street to wit: at the rate of 46 m.p.h. in a 35-mile zone, such speed being greater than was reasonable and proper, having due regard to the traffic, surface and width of said street and being greater than would permit said defendant to stop within the assured clear distance ahead, in violation of Section 308-18 Revised City Ordinances * * *.''

The provisions of Section 18 of Ordinance 308-1941 of the city of Akron—the section referred to in the foregoing affidavit—in so far as they pertain to speed regulations and limitations, are identical with the provisions of Section 6307-21, General Code.

After hearing, upon the affidavit, the Municipal Court entered its judgment as follows:

''The above-entitled cause of action having been submitted to the court on an agreed statement of facts, and questions and answers as shown by the record, the court, with due deliberation of all the facts, finds the defendant guilty of reckless driving as charged in the affidavit.''

It thus appears that, although the defendant was charged with a violation of that part of the ordinance dealing with speed regulations and limitations—i. e., Section 18—he was found guilty by the court of reckless driving, an offense with which he was not charged, which offense is set out in Section 17 of the ordinance in language identical to that of Section 6307-20 of the General Code.

The provisions of Section 116 (a) and (b) of the ordinance prescribe the penalties to be imposed upon conviction of violation of its provisions, and those penalties are the same for violations of either Sections 17 or 18.

We have here a classic example of charging a defendant under one section of an ordinance, and upon

trial finding him guilty of a violation of a section under which no charge had been made against him.

This cannot be justified upon the theory of included offenses, for here there was, by the terms of the ordinance, no such inclusion. The offenses are separately set forth in independent sections, and because of the recent recodification and re-enactment of the traffic ordinance in September, 1941, it may be reasonably assumed that the council of the city of Akron intended the separate sections to set out separate and independent offenses; not included or interchangeable ones.

In *City of Columbus* v. *Brown*, 31 Ohio Law Abs., 530, the Court of Appeals had occasion to consider the converse of the situation here presented. There the defendant was charged under the ''reckless driving'' ordinance, and convicted under the ''speed'' ordinance. The court stated, at page 534:

''We can not endorse a practice which would permit the filing of an affidavit under the 'reckless driving' ordinance, and a conviction under the speed restriction ordinance.''

Conversely, this court cannot indorse a practice which permits the filing of an affidavit under the speed restriction section, and a conviction under the reckless driving section, of the ordinance.

The orderly administration of justice requires that a defendant be charged under ordinance or statute with the offense which the prosecution intends to attempt to prove, and, except in the case of included offenses, a defendant cannot be held to answer upon one certain charge, for a violation of another penal statute or ordinance.

''It is the general rule that a person cannot be convicted of an entirely different offense from that charged or necessarily included within the terms of the indictment or information, except where the offense

of which the accused is convicted is a lesser offense or one of lower degree than that charged, is necessarily included therein, and its essential ingredients are embraced within the essential allegations for the main offense charged. To test the question whether an indictment for one offense includes another, it has been said that where the offenses are of the same general character, the indictment for the one offense must contain all the essential elements of the other; otherwise, the prosecution for the latter cannot be maintained. Even then, it has been held that by alleging matters wholly immaterial to the description of the crime charged, the state cannot compel the defendant to come to trial prepared to contest any issue which the state is not bound to prove in order to convict him of the offense charged." 27 American Jurisprudence, Indictments and Informations, Section 193.

To the same effect is 31 Corpus Juris, Indictments and Informations, Section 459; and see also 21 Ohio Jurisprudence, Indictment and Information, Section 148.

The conviction of the defendant for "reckless driving" was erroneous, as being contrary to law.

The judgment is reversed, and final judgment discharging the defendant is ordered.

*Judgment reversed.*

WASHBURN and DOYLE, JJ., concur.