Merrimack, }
Apr. 8, 1953. } No. 4205.

BELL SHOPS OF NEW HAMPSHIRE, INC.

*v.*

ALEXANDER ROSENBLATT.

*Green, Green, Romprey & Sullivan* for the plaintiff, filed no brief.

*Willoughby A. Colby* (by brief and orally), for the defendant.

KENISON, C. J.   The record and the exhibits in this case amply justifies the refusal of the Trial Court to grant specific performance to the plaintiff and sustains his finding that there was no oral agreement for the extension of the written lease. It appears that the plaintiff has been in possession of the defendant's premises since the expiration of his lease on October 31, 1951, at a rental which is considerably lower than would be the rental under the alleged oral agreement. The present proceeding was begun only after the defendant sought to have the plaintiff vacate his premises in 1951. The action instituted by the defendant landlord to compel the plaintiff tenant to vacate the premises was brought in the municipal court but was automatically transferred to the Superior Court because under the statute the plaintiff entered a plea of title to the premises and gave a bond to pay the rent, damages and costs. R. L., *c.* 413, *ss.* 17, 18.

When the case came on for hearing in this court yesterday, the

plaintiff had filed no brief and presented no oral argument in support of its exceptions. *Rockingham &c. Co.* v. *Batchelder,* 73 N. H. 607. Whether the plaintiff's case had any merit or not, it has served the purpose of keeping the plaintiff in possession of the premises since November, 1951. See *Musgrove* v. *Parker,* 84 N. H. 550, 552. The record indicates that the legal proceedings in this case should not be further extended and accordingly the certificate will not await the usual thirty-day period but will issue on April 20 next. R. L., *c.* 369, *s.* 14; *Bernardi &c. Shows* v. *Railroad,* 91 N. H. 105, 106.

*Judgment for the defendant.*

All concurred.