Merrimack,
No. 4647.

STATE *v.* HENRY A. TURGEON.

Argued May 6, 1958.

Decided May 29, 1958.

*Louis C. Wyman,* Attorney General, *George T. Ray, Jr.,* Assistant Attorney General and *John W. Stanley, Jr.,* county solicitor (*Mr. Ray* orally), for the State.

*James C. Cleveland* (by brief and orally), for the defendant.

WHEELER, J. In 1955 the Legislature re-enacted the existing provisions (RSA 262:15) relating to reckless driving resulting in death and added a new section (15-a), (Laws 1955, *c.* 109) providing a penalty for grossly careless or grossly negligent operation of a motor vehicle. "GROSSLY CARELESS OR GROSSLY NEGLIGENT OPERATION. Whoever upon any way operates a motor vehicle in a grossly careless or grossly negligent manner which said operation does not constitute reckless operation of a motor vehicle and which does not result in the death of any person, shall be fined not more than one hundred dollars, or imprisoned not more than thirty days, or both. Grossly careless or grossly negligent operation, for the purposes of this section shall be that manner of operation of a motor vehicle which, although short of wilful and intentional wrong, is marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness, or a high degree of indifference to the operator's duty."

The statutory crime of reckless driving resulting in death was enacted in 1931 (Laws 1931, *c.* 81) and has remained a part of our motor vehicle law without substantial change. The defendant concedes that under previous decisions of this court a guilty mind in the sense of active intent is not required in a charge of reckless operation of a motor vehicle. See *State* v. *Yosua,* 91 N. H. 181; *State* v. *Soucy,* 97 N. H. 233. The defendant, however, contends that the wording of the new section, 15-a, *supra,* defining grossly careless or grossly negligent operation in part as conduct *"short of wilful and intentional wrong"* (emphasis supplied) was intended to affect the preceding section (15) defining reckless driving to the extent of requiring proof of a wilful or intentional wrong. We are unable to adopt such a construction. It is argued that to hold that such proof is not a necessary element of the State's case in reckless driving resulting in death would subject all persons involved in fatal accidents to prosecution under RSA 262:15. That is precisely the situation which has existed since the enactment of chapter 81, Laws 1931 and, as we have concluded, no change was intended by the Legislature.

The statute was clearly intended to establish a new offense for improper driving short of reckless operation where death does not result therefrom, making it a crime to operate a motor vehicle

in a manner which does not "constitute reckless operation" but in a manner "marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness . . . . " In defining such operation, the new section specifically provides that it is *"for the purposes of this section"* (emphasis supplied). The italicized words demonstrate a legislative purpose not to apply the definition to the preceding section relating to reckless operation resulting in death. In cases of improper operation of a motor vehicle where death does not result the prosecutor can obviously elect to proceed under the first sentence of RSA 262:15 or under RSA 262:15-a as the circumstances may warrant.

The defendant's exception to the denial of his motion to quash for lack of adequate description of the offense is likewise without merit. The indictment states not only the conclusion the operation was reckless but describes the manner of operation in sufficient detail to enable the defendant to properly prepare a defense. "The defendant knows what issues he has to meet." *State* v. *Langelier,* 95 N. H. 97, 99. See also, *State* v. *Ball,* 101 N. H. 62.

*Exception overruled.*

All concurred.