Durham Municipal Court,
No. 5015.

STATE *v.* RUSSELL HAZZARD.

Argued February 6, 1962.

Decided March 22, 1962.

*William Maynard,* Attorney General, and *William J. O'Neil,* Assistant Attorney General (*Mr. O'Neil* orally), for the State.

*T. Casey Moher* for the defendant, furnished no brief.

KENISON, C. J. We first consider the State's contention that the defendant's failure to submit a brief or an oral argument in support of his exception to the validity of the criminal complaint is an abuse of judicial process. It is argued that such failure is dilatory in nature, may in some instances be frivolous, places an unreasonable burden on State's counsel and "is not conducive to improving the proper administration of justice." One obvious remedy for this judicial malady is to fall back on the familiar rubric that an exception taken in the lower court which is neither briefed nor argued is deemed to be waived. *State* v. *Bass,* 93 N. H. 172, 177; *Field* v. *Smith,* 62 N. H. 698. But this is a blunt tool in the appellate process and is not always satisfactory or satisfying in criminal cases. *Cf.* Pound, Appellate Procedure in Civil Cases, *pp.* 198-209 (1941); V Pound, Jurisprudence, *pp.* 633, 641 (1959). This court has always taken a dim view of appeals and transfers from lower courts in which the appellant or the moving party neglects to file a brief or present an argument. *Rockingham &c. Co.* v. *Batchelder,* 73 N. H. 607; *Musgrove* v. *Parker,* 84 N. H. 550, 552; *Bell Shops, Inc.* v. *Rosenblatt,* 98 N. H. 162, 163. The rules of the Supreme Court in effect January 1, 1961 (Rules 6 and 7) assume that briefs will be filed. The use of the original transcript and the elimination of the requirement of printed briefs (Rules 4 and 6) are aimed at making the appellate proceedings as inexpensive and expeditious as possible. RSA ch. 490 (supp) Appendix. These are added reasons why counsel have little excuse for not filing a typewritten brief which would at least supply some authority or citation for the position they have taken in their appeal or transferred case.

RSA 490:13 reads as follows: "BRIEFS. Each party who desires to be heard shall furnish to each of the justices, to each of the opposing counsel, to the state reporter and to the state library a brief of the points and authorities upon which he relies; but no case shall be dismissed for want of a brief." It is suggested that this

statute is ambiguous in that it requires briefs and at the same time provides that " . . . no case shall be dismissed for want of a brief." The State argues that this statute should be construed to mean that no case shall be dismissed for the failure of an appellee to file a brief but not for the appellant to file one. This construction is ingenious but not convincing. It has never been so interpreted since its amendment by Laws 1872, c. 21, s. 2 and we find no basis to so interpret it now. *Kibbee v. Kibbee,* 99 N. H. 215.

The failure of counsel for an appellant or the moving party in a transferred case to file briefs is a relatively rare exception and has not been a serious problem in this jurisdiction. We expect to see less of this in the future but if this prediction proves to be too optimistic, we are prepared to deal with the problem effectively not only generally but on a case-to-case basis as it arises. RSA 490:4; *State v. Knowlton,* 102 N. H. 221; Orfield, Criminal Appeals in America, c. VII (1939).

The motion to remand this case to the municipal court for failure to brief or argue in this court is denied and in this case, as in *Musgrove v. Parker,* 84 N. H. 550, 552, we proceed to the merits of the question transferred.

The complaint in this case for operating a motor vehicle in a grossly careless and grossly negligent manner (RSA 262:15-a (supp)) is not phrased in terms of the statute alone but describes the manner in which the vehicle was operated. *State v. Beauvais,* 102 N. H. 276; *State v. Turgeon,* 101 N. H. 300, 303. The evidence is not before us because there is no transcript of the hearing in the municipal court. However the complaint was definite and detailed enough to enable the defendant to know what acts constituted the grossly negligent operation with which he was charged and to allow him to properly prepare a defense. *State v. Dodge,* 103 N. H. 131. See motor vehicle form 12, Law Enforcement Manual, New Hampshire (1st *ed.* 1959) *pp.* 129, 130. This is not a complaint which uses statutory language but omits allegations of definite overt acts constituting the offense. *State v. Gilbert,* 89 N. H. 134, 136. The complaint is sufficient and valid. See *State v. Davis,* 99 N. H. 88, 89; Fisher, Vehicle Traffic Law, *pp.* 337-344 (1961).

*Motion to remand denied; defendant's exception overruled.*

All concurred.