Sullivan,
No. 5130.

STATE *v.* ROBERT F. KING.

Argued June 5, 1963.
Decided July 9, 1963.

*William Maynard*, Attorney General, *William J. O'Neil*, Assistant Attorney General and *Ronald H. Bean*, Law Assistant (*Mr. O'Neil* orally), for the State.

*Devine, Millimet, McDonough, Stahl & Branch* (*Mr. Bartram C. Branch* orally), for the defendant.

KENISON, C.J.   At the oral argument of this case counsel for the State with commendable candor expressed doubt whether the respondent could be convicted of the crime of unreasonable speed under a complaint charging grossly negligent and grossly careless operation of a motor vehicle.   The statute prohibiting grossly careless operation of a motor vehicle reads as follows: "262:15-a [NEW] GROSSLY CARELESS OR GROSSLY NEGLIGENT OPERATION.   Whoever upon any way operates a motor vehicle in a grossly careless or grossly negligent manner which said operation does not constitute reckless operation of a motor vehicle and which does not result in the death of any person, shall be fined not more than one hundred dollars, or imprisoned

not more than thirty days, or both. Grossly careless or grossly negligent operation, for the purposes of this section shall be that manner of operation of a motor vehicle which, although short of wilful and intentional wrong, is marked by more want of care than simple inadvertence and is carelessness substantially and appreciably higher in magnitude than ordinary negligence or carelessness, or a high degree of indifference to the operator's duty." The pertinent part of the unreasonable speed statute reads as follows: "263:53. SPEED, REASONABLE AND PRUDENT. No person shall drive a motor vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing."

The original Code of Criminal Procedure of the American Law Institute (1930) s. 348 provided that a defendant could be convicted "of any offense which is necessarily included in the offense charged." This is consistent with the law in this state. In *State* v. *Butman*, 42 N. H. 490, 493, it was stated that a defendant could be convicted "where the minor offense is necessarily an elemental part of the greater, and when proof of the greater necessarily establishes the minor." Examples of this are cited in *State* v. *Skillings*, 98 N. H. 203. A. L. I. Model Penal Code (Tentative draft No. 5) s. 1.08(4) and comment at *p*. 40 et seq. (1956). This subsection "provides that a lesser offense is necessarily included in a charge of the greater if the proof necessary to establish the greater offense will of necessity establish every element of the lesser offense." See also, A. L. I. Model Penal Code (Proposed official draft) s. 1.07(4) (1962).

RSA 262:15-a (supp) prohibiting grossly negligent operation has been a difficult statute to apply in its attempt to provide a criminal penalty for conduct which is less than reckless driving but more serious than ordinary negligent conduct. *State* v. *Turgeon*, 101 N. H. 300; *State* v. *Dodge*, 103 N. H. 131; *State* v. *Hazzard*, 104 N. H. 94. It is clear, however, that although unreasonable speed may be a factor in determining grossly negligent operation of a motor vehicle, it is not a necessary, essential element thereof. *State* v. *Davis*, 99 N. H. 88. See *People* v. *Grogan*, 260 N. Y. 138. This is particularly so in this jurisdiction where the speed statute is not absolute but is a prima facie speed limit. RSA 263:54. *State* v. *Swift*, 101 N. H. 340; Annot. 86 A.L.R. 1273, 1281; 52 A.L.R. 2d 1337. Inasmuch as an unreasonable speed is not an essential element of the offense of grossly negligent operation of a motor vehicle it is

not a lesser or included offense upon which the defendant could be found guilty. Note, 11 Wis. L. Rev. 413; Donnelly, Goldstein & Schwartz, Criminal Law, 327, 328 (1962); 4 Wharton's Criminal Law and Procedure, *ss.* 1887 and 1888 (1957); Fisher, Vehicle Traffic Law 196 (1961).

Since the defendant's conviction is set aside, it is unnecessary to consider other questions raised by counsel in their briefs.

*Exceptions sustained.*

All concurred.