121 N.J. Super. 209 (1972)
296 A.2d 364
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT F. JAHN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Monmouth County Court, Law Division.
Decided July 29, 1972.
Mr. Alexander D. Lehrer for defendant (Messrs. Anschelewitz, Barr, Ansell & Bonello, attorneys).
Mr. Robert Woods for the State (Mr. James Coleman, Prosecutor of Monmouth County, attorney.)
YACCARINO, J.C.C.
Defendant appeals from a conviction in the Municipal Court of Belmar of excessive speed, in violation of N.J.S.A. 39:4-98(b). The appeal was a trial de novo.
Following the trial the municipal court judge entered a finding of not guilty as to the careless driving charge, then, *210 on his own motion, amended the complaint and entered a finding of guilty on the offense of driving at excessive speed, in violation of N.J.S.A. 39:4-98(b).
Two issues are presented. The first issue to be considered is whether the municipal court had the power and authority by virtue of the New Jersey Court Rules to amend the complaint of careless driving to speeding, which is not a lesser included offense.
R. 7:10-2 provides:
The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial but no such amendment shall be permitted which charges a different substantive offense (other than a lesser included offense). If the defendant is surprised as a result of such amendment, the court shall adjourn the hearing to some future day, upon appropriate terms.
The above rule clearly states that a municipal court judge has the power to amend any process or pleading for any variance between the complaint and the evidence adduced at trial, but no such amendment shall be permitted which charges a different substantive offense, other than a lesser included offense. The issue then becomes whether speeding in violation of N.J.S.A. 39:4-98 (b) is a lesser included offense in a charge of violation of N.J.S.A. 39:4-97 (careless driving). No New Jersey authority is found. The two violations, "speeding" and "careless driving," are separate and distinct violations with different penalties.
Since New Jersey is silent on this issue, research was directed to other forums. The Supreme Court of New Hampshire decided this issue in State v. King, 105 N.H. 47, 192 A.2d 603 (1963). Defendant there was charged with a violation of a statute similar to New Jersey's careless driving statute. As in the instant matter, defendant was found guilty of operating a motor vehicle at an unreasonable rate of speed. The Supreme Court of New Hampshire held that *211 unreasonable speed was not an essential element of the offense charged and was not a lesser or included offense upon which the defendant could be found guilty.
The court held:
* * * Prohibiting grossly negligent operation has been a difficult statute to apply in its attempt to provide a criminal penalty for conduct which is less than reckless driving but more serious than ordinary negligent conduct. State v. Turgeon, 101 N.H. 300, 141 A.2d 881; State v. Dodge, 103 N.H. 131, 166 A.2d 467; State v. Hazzard, 104 N.H. 94, 179 A.2d 282. It is clear, however, that although unreasonable speed may be a factor in determining grossly negligent operation of a motor vehicle, it is not a necessary, essential element thereof. State v. Davis, 99 N.H. 88, 105 A.2d 47. See People v. Grogan, 260 N.Y. 138, 183 N.E. 273, 86 A.L.R. 1266. This is particularly so in this jurisdiction where the speed statute is not absolute but is a prima facie speed limit. RSA 263:54. State v. Swift, 101 N.H. 340, 143 A.2d 114; Annot. 86 A.L.R. 1273, 1281; 52 A.L.R. 2d 1337. Inasmuch as an unreasonable speed is not an essential element of the offense of grossly negligent operation of a motor vehicle it is not a lesser or included offense upon which the defendant could be found guilty. Note, 11 Wis. L. Rev. 413; Donnelly, Goldstein & Schwartz, Criminal Law, 327, 328 (1962); 4 Wharton's Criminal Law and Procedure, ss. 1187 and 1188 (1957); Fisher, Vehicle Traffic Law 196 (1961). [at 604]
In City of Toledo v. Soldier, 101 Ohio App. 273, 139 N.E. 2d 631 (Ohio Ct. App. 1956), the court stated in a similar situation.
It is a recognized rule that, where an accused is charged with a particular offense, he can not be convicted of another, unless the latter be included in the former. The due-regard ordinance, also referred to as `reckless operation of vehicles,' and the speed ordinance, Section 21-6-7, Toledo Traffic Code (Section 4511-21, Revised Code), define separate offenses, and the accused can not be convicted on speed alone where the charge is laid under the due regard ordinance. This general rule is given special emphasis where the penalties are different. See City of Springfield v. Hanlon, 30 Ohio Law Abst. 596; City of Columbus v. Petty, 27 Ohio Law Abst. 249; City of Columbus v. Brown, 31 Ohio Law Abst. 530; City of Akron v. Hull, 72 Ohio App. 449, 52 N.E. 2d 877. [at 634]
See also, 52 A.L.R.2d 1337, 1344; City of Akron v. Hull, 72 Ohio App. 449, 52 N.E.2d 877 (Ohio Ct. App. 1943); Columbus v. Brown, 31 Ohio Law Abst. 530 (Ct. *212 App. 1940); State v. Lewis, 256 N.C. 430, 124 S.E.2d 115 (N.C. Sup. Ct. 1952); People v. Byrne, 65 Misc.2d 174, 317 N.Y.S.2d 243 (App. Div. 1970); State v. Mills, 181 N.C. 530, 106 S.E. 677 (N.C. Sup. Ct. 1921); Commonwealth v. Miller, 57 Dauph. Co. 325 (Pa. 1946).
The ratio decidendi of State v. King, supra, is directly applicable to the case at bar. Unreasonable speed may be a factor in determining careless driving of a motor vehicle, but yet it is not a necessary ingredient.
This court holds that under the authorities, speeding or a violation of N.J.S.A. 39:4-98 (b) can in no way be determined a lesser offense in a careless driving offense.
The judgment of conviction herein is vacated and the complaint against defendant dismissed. No costs.