Carroll
No. 6607

THOMAS L. MCNAMARA & a.

v.

HARRY H. MACCORMAC & a.

September 28, 1973

*Kazarosian, Allison & Phillips,* of Massachusetts, for the plaintiffs, filed no brief.

*William D. Paine II,* by brief and orally, for the defendants.

KENISON, C. J. Plaintiffs were ordered to pay the defendants $5000 as liquidated damages under a contract to purchase real estate. Plaintiffs appealed this verdict claiming that there was impossibility of performance, that a disputed boundary line was a cloud on the title, that there were encumbrances on the title, and that descriptions of the premises were inadequate. All of these contentions were rejected by the trial court in a detailed and comprehensive opinion by *Keller,* C. J., who transferred the plaintiffs' exceptions.

After the case was docketed in this court, plaintiffs requested and received extensions of time within which to file their brief but did not comply with the extended time limits. After the defendants filed their brief the case was set for argument this month and the plaintiffs were again notified but did not submit a brief or written excuse for not doing so. As was pointed out in *State v. LaPalme,* 104 N.H. 97, 179 A.2d 284 (1962), failure of an appealing party to file a brief was a practice in this jurisdiction which has been occasionally condoned, generally criticized, and never commended. RSA 490:13 previously provided that although briefs were required "no case shall be dismissed for want of a brief." This peculiar limitation was specifically deleted and repealed in the 1973 legislature by Laws 1973, 214:2. While this court in isolated instances in the past has decided appeals without the benefit of a brief, it has clearly indicated that it is an unsatisfactory practice which is not to be encouraged. *State v. Hazzard,* 104 N.H. 94, 179 A.2d 282 (1962). An examination of the defendants' brief, the exhibits, and the satisfactory opinion of the court below convinced us that this is a proper case to dismiss the plaintiffs' appeal for its failure to comply with RSA 490:13, as amended by Laws 1973, 214:2. *See Field v. Smith,* 62 N.H. 698 (1883); *Bell Shops,*

*Inc. v. Rosenblatt,* 98 N.H. 162, 163, 96 A.2d 204 (1953); *Musgrove v. Parker,* 84 N.H. 550, 552, 153 A. 320, 322 (1931). Accordingly the order is

*Plaintiffs' exceptions overruled; judgment on the verdict.*

All concurred.