622 A.2d 1370

STATE OF NEW JERSEY v. MICHAEL V. PARKINS.

Superior Court of New Jersey
Law Division (Criminal) Middlesex County

Decided March 9, 1993.

*Mark Cassidy* for the State.

*Thaddeus Raczkowski* for defendant.

BERMAN, J.S.C.

This court takes the opportunity to amplify its oral decision on this *de novo* municipal appeal, since it appears that there is no decisional law foursquare to the present factual scenario.

The facts are not in dispute, and were essentially stipulated below. The defendant, Michael V. Parkins, was issued a summons for being an "unlicensed driver" in violation of *N.J.S.A.* 39:3–10 (hereinafter referred to as "Section 10").

There also is no dispute that the defendant possessed a valid passenger motor vehicle license, and should properly have been charged with a violation of *N.J.S.A.* 39:3–10.18 (hereinafter referred to as "Section 18"), *i.e.* the defendant possessed a learners permit for a commercial drivers license, but was unaccompanied by the holder of a commercial drivers license—a condition of operating with a permit. Over objection of the defense, the court amended the summons to Section 18, entered a finding of guilty, imposed a fine of $200.00, costs of $25.00, a

$1.00 ATS fee, and a one hundred and eighty day ineligibility period to obtain a commercial drivers license.[1]

■ As an aside, even if the amendment were proper, the State concedes that the sentence was illegal. *N.J.S.A.* 39:3–10.18a(3) provides that a person violating that subsection "shall be fined not less than $250.00 or more than $500.00, or imprisoned for not more than sixty days, or both". Clearly, the fine was illegal (the assessment being below the statutory minimum); but more significantly, the court below had no authority to disqualify the defendant from obtaining a commercial drivers license.

■ The State, however, does contend that the trial court did properly exercise its discretion by amending the summons. This court disagrees for the reasons set forth hereinbelow.

Firstly, there is no question that *Rule* 7:10–2 permits the amendment of a summons as long as the amendment does not charge "a different substantive offense (other than a lesser included offense)".

The elements for a violation of Section 18 are not *lesser*, but *different* than the elements required for a violation of Section 10. A violation of Section 10 occurs when a person operates a motor vehicle without having been licensed. Defendant herein had a motor vehicle license, and also had a permit for a commercial drivers license. What he did not have was the holder of a commercial drivers license in his presence while operating.

Secondly, a violation of Section 18 cannot definitionally be considered a "lesser included offense" of Section 10. By way of illustration, *N.J.S.A.* 2C:1–8d(1), (2), and (3) delineate "lesser included offenses" at the indictable level. It defines a lesser included offense as one which "is established by proof of the

---

[1] The 30 day time period to issue a new summons had expired. *N.J.S.A.* 39:5–3.

*same or less* than all the factors required to establish the commission of the offense charged ..." (emphasis supplied). A violation of Section 18 requires presentation of *different* facts, not *less* facts than for a violation of Section 10:

> An offense qualifies as a lesser included offense only if the elements of the included offense are fewer in number than the elements of the greater offense, and only if the greater offense cannot be committed without also committing the lesser offense. *Wharton's Criminal Procedure*, 13th Ed., Vol. 2, Sec. 266, p. 266–267 (1990).

Moreover, it cannot be said that the defendant was "on notice" of the statute he had allegedly violated, since the summons (in the "description" portion) merely describes the offense as "unlicensed driver". Had the summons described his violation as being the holder of a permit operating in the absence of the holder of a license, it might be argued that the charging officer merely erred in delineating the wrong statute. Here, the summons was deficient in two respects: it mistakenly charged "unlicensed driver" in addition to an inapplicable statute. While the State may consider this needlessly esoteric, one salient point cannot possibly be overlooked: a violation of Section 18 exposes a defendant to a term of imprisonment of up to sixty days; there is no term of imprisonment under Section 10. Fundamental fairness alone should preclude the State from amending a summons at the time of trial when doing so would expose someone to a jail term, who was not otherwise or previously in such jeopardy. It has been stated:

> It is a recognized Rule that, where an accused is charged with a particular offense, he can not be convicted of another, unless the latter be included in the former.... This general Rule is given *special emphasis* where the penalties are different. *City of Toledo v. Soldier*, [101 *Ohio App.* 273] 139 *N.E.* 2nd 631, 634 (Ohio 1956). emphasis supplied.

Chief Justice Kenison, of the New Hampshire Supreme Court, expressed similar sentiments:

> It is clear, however, that although unreasonable speed may be a factor in determining a grossly negligent operation of a motor vehicle, it is not a necessary, essential element thereof ... Inasmuch as an unreasonable speed is not an essential element of the offense of grossly negligent operation of a motor vehicle it is not a *lesser or included offense* upon which the defendant

could be found guilty.  *State v. King,* [105 *N.H.* 47] 192 *A.* 2nd 603, 604 (New Hampshire 1963).  emphasis supplied.

Courts in this jurisdiction have articulated the matter similarly. *See State v. VanRiper,* 250 *N.J.Super.* 451, 595 *A.*2d 516 (App.Div.1991); *State v. Jahn,* 121 *N.J.Super.* 209, 296 A.2d 364 (Law Div.1972).  Albeit these cases dealt with "moving" violations, the principle advanced is unaffected.

In conclusion, the defendant was mischarged.  And while the error may on its face appear to be "technical" or "innocuous", for the reasons set forth hereinabove this court can not consider it in that light—especially since, as stated, the amendment then exposed the defendant to a term of imprisonment; nor is there any substantial or compelling policy reason why the defendant should have to endure the constable's error.

The conviction is set aside, and a judgment of not guilty is entered.