146 A.2d 400 (1958)
Joseph Donald CRAVEN, Attorney General of the State of Delaware, Plaintiff,
v.
FIFTH WARD REPUBLICAN CLUB, Inc., a corporation of the State of Delaware, Defendant.
Court of Chancery of Delaware, New Castle.
November 6, 1958.
F. Alton Tybout, Chief Deputy Atty. Gen., for plaintiff.
Henry A. Wise, Jr. of Wise & Suddard, Wilmington, for defendant.
SEITZ, Chancellor.
Plaintiff, Attorney General, brought this action pursuant to 8 Del.C. § 283 to revoke and forfeit the charter of the defendant, Fifth Ward Republican Club, Inc., because of its misuse and abuse of the corporate powers, privileges and franchises granted by such charter. Plaintiff apparently also seeks to enjoin defendant's officers from operating the Club on the ground that they are creating a public nuisance.
Plaintiff applied for a preliminary injunction restraining the defendant and its officers, agents and employees "from selling alcoholic beverages at a time when such sale is illegal". Defendant resisted the application and this is the decision thereon. I emphasize that the preliminary injunction is directed solely to the restraint of the alleged illegal sale of alcohol by defendant.
Plaintiff's verified complaint, to which no answer has yet been filed, may be summarized as follows:
The defendant was incorporated as a non-profit corporation in 1936. It has no stock. Its principal place of business is located at 617 Shipley Street, Wilmington. The purposes for which defendant was organized are as follows:
"(a) To administer charitable aid and assistance to its members.

*401 "(b) To cultivate and inculcate in the members thereof, sound moral, and social principles.
"(c) To develop, by precept and example, a more intelligent, aggressive, and serviceable citizenship.
"(d) To unite in social and political body the civic minded citizens of the City of Wilmington and the State of Delaware, to foster and promote a love for and knowledge of the principles of the Republican Party, to educate such citizens to a greater appreciation of their relations to the National, State and Municipal government and to encourage them to an active participation and election of honest, trustworthy and capable public officers.
"(e) To contribute to the growth and influence of the Republican Party; to develop leadership to increase Party responsibility."
Plaintiff alleges that the operation of the defendant as a non-profit corporation is a sham in that it is used for the personal pecuniary profit and advantage of its president, Stephen A. Smith; that it is a sham in that it has completely failed to do anything whatsoever to effect or attempt to effect, and does fail to effect its stated purposes; that, on the contrary, it is consistently operated in a manner contrary to those purposes in that, although authorized to sell alcoholic beverages to members, its premises are used primarily for the sale of such beverages to members and non-members at a time when such sales are illegal, to-wit, on Sundays, holidays and between the hours of midnight and 9 a. m. on other days. 4 Del.C. § 717. Plaintiff charges that the conduct of defendant, as alleged, constitutes an abuse and misuse of its charter and such conduct has been and is now contrary to law, is a public nuisance, and is inimical to the interests of the State of Delaware.
Defendant took the plaintiff's deposition and it revealed that plaintiff did not have personal knowledge of the facts involving alleged illegal sales of alcoholic beverages by defendant's agents. Consequently, standing alone, the verified complaint would not support the issuance of a preliminary injunction. However, plaintiff also filed certain affidavits[1] as well as the deposition of the defendant's president, Smith.
Plaintiff's affidavits and the Smith deposition show four "convictions" of Smith by the Liquor Commission in the past seven years for illegal sales. They show one acquittal and a charge pending. The Smith deposition shows that when questioned about sales during various months of this year at times when they would have been illegal the defendant's president refused to answer on the ground that such answers might tend to incriminate him. In this connection it must be remembered that plaintiff's requested relief is not directed against Smith individually. Thus, while Smith may be free to make the self-incrimination plea, although plaintiff argues to the contrary, the hard fact remains that he, being president of defendant, thereby fails to put in issue the plaintiff's charges concerning continuing illegal sales by defendant. Moreover, not one of the defendant's affidavits even suggests that defendant's violations have been isolated and incidental to the Club's overall operation. Indeed, none of the defendant's papers even mentions the subject of illegal sales of alcohol.
Plaintiff's papers make out a case of four illegal sales convictions in the past seven years with an additional charge pending. Defendant's counsel emphasizes that these were charges against Smith and not the *402 defendant. On the present record this is a distinction without a difference. In any event, a corporation generally acts through agents and Smith was admittedly its agent during most if not all of the period involved.
Defendant argues that plaintiff's affidavits for the most part show only that persons were seen to leave the defendant's premises at various times after midnight and on Sunday. Its counsel points out that there is no law which forbids the consumption of alcoholic beverages in a private club on Sunday or after midnight on other days. He also states that the showing that many persons, some intoxicated, left the defendant's premises "after-hours" is no evidence of illegal sales. I agree that such a showing would not, in and of itself, be sufficient to support a finding of illegal sales. But it is certainly a circumstance which can be considered with other facts since it tends to show the possibility of "after-hours" sales.
Defendant argues that plaintiff relies upon only a few isolated violations and those are insufficient to justify the issuance of a preliminary injunction to enforce the criminal laws.
It is true that plaintiff must obtain a preliminary injunction on the strength of his own showing. And, it is true that some four convictions in seven years, with none in the recent past, would not warrant the granting of a preliminary injunction. But here plaintiff has shown not only the four convictions but an illegal sale charge pending and a self-incrimination plea of the defendant's president in connection with its current year's operation. When we combine these facts with other facts found in the president's deposition tending to show the most fragmentary use of the corporation for the purposes stated in its charter, then the cumulative effect is sufficient to warrant the inference that defendant has been guilty of making illegal sales of alcoholic beverages with some regularity up until at least the recent past.
Defendant says the Attorney General should enforce criminal violations in the criminal courts and that this court should not, at least on the present showing, take jurisdiction.
Generally speaking, this court does not enforce the criminal laws. Here, however, the court has been given statutory jurisdiction to revoke a charter for abuse thereof. 8 Del.C. § 283. Continued serious criminal violations by corporate agents in the course of the discharge of their duties could very well constitute the misuse of a charter. The matter is generally one calling for an overall evaluation. That evaluation need not be made on the present application but it may be noted that control of liquor is of real public concern. Compare Darling Apartment Co. v. Springer, 25 Del.Ch. 420, 22 A.2d 397, 137 A.L.R. 803.
Since the court has the power by virtue of statute to revoke the charter for abuses such as I have described, it would seem to follow that it has the ancillary discretionary power to act by way of injunction to prevent such abuses at an interlocutory stage where the Attorney General makes out a proper case therefor.
The jurisdiction of this court to enjoin a public nuisance is an additional reason under the present facts to support the granting of the limited interlocutory relief here requested. Certainly the fact that those in the neighborhood are not complaining is not decisive. I need not decide whether plaintiff's ultimate showing will be sufficient to support the granting of permanent relief under this head of equity jurisdiction. A balancing of the equities also favors plaintiff's application since it only seeks to enjoin illegal activity. I emphasize that this factor is, of course, not sufficient in and of itself, but I find it relevant *403 when considered with the balance of plaintiff's showing.
Defendant says that the taking of jurisdiction here will encourage the Attorney General to use this court rather than the criminal courts to enforce the criminal laws. This court must decide cases according to law and not in the light of their effect upon its case load. Moreover, the situation here recognized as being within this court's jurisdiction is of narrow compass. The court has ample power to deal with the abuse which defendant visualizes.
I conclude that a preliminary injunction should issue restraining the defendant, its officers, agents and employees from using the premises at 617 Shipley Street for the sale of alcoholic beverages on Sundays and holidays and between the hours of midnight and 9 a. m. on other days.
Present order on notice.
NOTES
[1] The material set forth in plaintiff's reply affidavits should have appeared in his original affidavits. However, when the court raised the point, defendant's counsel explicitly waived any objection on that score.