STATE OF CONNECTICUT *v.* ROGER H. HEMINGWAY

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. MV 11-9231

Argued March 29—decided May 21, 1965

*William M. Krug,* of Willimantic, for the appellant (defendant).

*Philip M. Dwyer,* prosecuting attorney, for the appellee (state).

KINMONTH, J. The defendant was convicted of reckless driving in violation of § 14-222 of the General Statutes and has appealed, assigning error in the court's conclusion that the defendant, upon all the evidence, was guilty of the crime charged beyond a reasonable doubt. No finding was requested or required.

On December 29, 1964, at about 10 p.m., Mrs. Raicik was operating her automobile in a westerly direction on lower Main Street in the city of Willimantic. As she approached her home, she put on her signal lights for a left turn, slowed and came to a stop about a foot or two from the center of the highway to allow an automobile traveling in an easterly direction to pass. As the Raicik automobile came to a stop, Mrs. Raicik looked in her rearview mirror and saw the defendant's automobile proceeding also westerly, about a block away, "going kind of fast." The defendant was unable to pass the Raicik automobile on the right and struck the rear of the Raicik automobile, forcing it into the path of the easterly bound automobile. The damage to both the Raicik and the defendant's automobiles was extensive. Mrs. Raicik said she assumed the speed limit was twenty-five miles per hour, as that was the speed she had been traveling. The weather was clear and the area well-lighted by street lights. The

defendant testified that he had followed the Raicik automobile for some time and that he was about a car length in back of her when she made a sudden stop and he was unable to avoid hitting her. Officer Tipper, who arrived at the scene shortly after the accident, testified that he found a six pack of beer in the defendant's automobile containing three cans of beer. When he interviewed the defendant at the hospital about three-quarters of an hour after the accident, the defendant admitted to having two cans of beer earlier in the evening. Officer Tipper did not smell the odor of liquor on the defendant, nor did he feel that the defendant was under the influence of liquor. The testimony of the defendant was that he had two beers some three to four hours before the accident. The width of the road at the scene of the accident was thirty-nine and nine-tenths feet, and there were no cars parked on the side of the road.

As there was no evidence of speed except the statement of Mrs. Raicik that she thought the defendant was "going kind of fast," we presume, as well we might from the state's argument and brief, that the state proceeded under the first sentence of § 14-222, which reads as follows: "No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway, the intersection of streets and the weather conditions." Under the prohibition of this sentence, the state is required to show reckless or wanton misconduct. "A person is guilty of reckless misconduct when he intentionally does an act, or fails to do an act in violation of his duty, with knowledge of the serious danger to others involved in it or of facts which would disclose that danger to a reasonable man. . . . It is 'reckless indifference to the safety of others which supplies the criminal intent necessary to warrant

conviction.' " *State* v. *Camera,* 132 Conn. 247, 250, 251. The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. "Recklessness is a state of consciousness with reference to the consequences of one's acts." *Mooney* v. *Wabrek,* 129 Conn. 302, 308. "A violation of the statute would not necessarily be established by the fact alone that the defendant was driving the car while under the influence of liquor . . . nor by the fact that the car was going . . . at a high rate of speed"; *State* v. *Licari,* 132 Conn. 220, 227; *Giddings* v. *Honan,* 114 Conn. 473, 475; *State* v. *Andrews,* 108 Conn. 209, 214; but by those and other circumstances which together show a reckless disregard of consequences. "No misconduct which is thoughtless, heedless, inadvertent or of the moment, and none which arises from an error of judgment, can be 'wilful and serious misconduct.' " *Gonier* v. *Chase Companies, Inc.,* 97 Conn. 46, 56.

Applying the law to the evidence in this case, we conclude that the court could not find beyond a reasonable doubt that the defendant was guilty of reckless driving. There is no evidence of a course of conduct accompanied by a reckless indifference to the safety and just rights of others. Without such evidence, the conclusion of the trial court that the defendant violated the statute was unwarranted and invaded the realm of speculation and conjecture. "It is the law of this state that a man shall not be convicted upon mere suspicion. The state must prove guilt beyond a reasonable doubt, that is, by such proof as precludes every reasonable hypothesis except that which it tends to support. It is proof wholly consistent with the defendant's guilt

and inconsistent with any other rational conclusion. . . . Our law is settled that the proof of guilt must exclude, not every possible, but every reasonable supposition of the innocence of the accused." *State v. DeCoster,* 147 Conn. 502, 505.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion PRUYN, J., concurred; KOSICKI, J., concurred in the result only.