247 A.2d 858.

STATE *vs.* WALLACE C. KINGMAN.

NOVEMBER 22, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a criminal complaint and warrant charging the defendant with reckless driving of a motor vehicle in violation of P. L. 1954, chap. 3300, sec. 1. From

a conviction in the district court for the eighth judicial district, the defendant seasonably appealed to the superior court where, in a jury-waived trial, he was adjudged guilty by a justice of said superior court.

The case is before us on defendant's bill of exceptions, the sole exception being to the superior court justice's finding of guilt. It is elementary that in such circumstances the decision of the trial justice will not be disturbed by this court unless his decision is clearly wrong in that in making the findings of fact on which his decision rests, the trial justice either misconceived or overlooked material evidence. *State* v. *Campbell*, 95 R. I. 370, 377, 187 A.2d 543, 548; *Head* v. *Quigley*, 87 R. I. 66, 68, 138 A.2d 322, 323.

In his oral argument and brief, defendant candidly acknowledged that such is the rule and further acknowledged that the burden was on him to demonstrate to this court that the decision was clearly wrong. Making the most of the record by which he was bound, counsel for defendant advanced several ingenuous arguments, none of which, however, is persuasive.

Prosecution of defendant was predicated on his operation of a motor vehicle on Webster Avenue, a public highway in the city of Cranston at a time when said vehicle came in collision with a utility pole on the sidewalk at a point where Webster and June Avenues intersect. The evidence indisputably establishes that the motor vehicle was substantially damaged, and that defendant was injured to the extent of fracturing three ribs, and receiving a cut about the mouth and a concussion serious enough to require medical attention some three months after the collision. Moreover, defendant elected to offer testimony as to how the collision occurred and, so doing, made a series of inconsistent statements.

In reaching his decision, the trial justice noticed that the car climbed the curb with such force as to result in substan-

tial damage to the vehicle and in serious if not critical injuries to the defendant. Very significantly, he found the defendant's exculpatory statements not credible, being contrary to other statements made by defendant, the latter of which were more consistent with the tangible evidence. From our examination of the record on which the trial justice made his findings, we cannot say that his decision was clearly wrong.

The defendant's exception is overruled and the case is remitted to the superior court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Luc R. La-Brosse,* Special Assistant Attorney General, for plaintiff.

*Charles A. Curran, Harold I. Kessler,* for defendant.