113 N.J. Super. 215 (1971)
273 A.2d 395
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES T. WENZEL, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 25, 1971.
Decided February 2, 1971.
*216 Before Judges GOLDMANN, LEONARD and MOUNTAIN.
Mr. Italo M. Tarantola argued the cause for appellant (Mr. Robert I. Kuchinsky, on the brief).
Mr. Stephen B. Rubin, Assistant Prosecutor, argued the cause for respondent (Mr. Oscar W. Rittenhouse, Hunterdon County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, P.J.A.D.
Defendant was found guilty of careless driving (N.J.S.A. 39:4-97) in the municipal court and fined $15 and $5 costs. The County Court heard his appeal de novo on the municipal court transcript, found him guilty and imposed the same penalty. He appeals.
Trooper Vanya was the State's only witness. He testified that on May 8, 1969 defendant, driving a tractor-trailer, entered a construction area on Route 78 and jackknifed. The tractor and trailer became disengaged; the tractor crossed into the opposite lane, striking another tractor-trailer broadside. There was an explosion and the driver of the struck tractor was fatally injured. The trooper testified that before defendant entered the construction area there were 12 signs warning of the potential hazards ahead, and that the roadway area where the accident took place was "very narrow," limited to single-lane traffic each way. The road was slippery, but he found no skid or tire marks. The trooper did not see the accident but said that two persons who did *217 had told him the tractor-trailer had jackknifed. He added that the area was dangerous when wet.
Defendant moved for judgment of acquittal. The municipal judge denied the motion and found defendant guilty, noting that an "otherwise unexplained jackknifing" in a construction area with warning signs and reduced speed limit "is an indication of failure of the defendant to use due caution and circumspection."
The County Court judge, after making findings of fact, concluded that the State had proved violation of the statute beyond a reasonable doubt. In doing so he relied on the doctrine of res ipsa loquitur, citing Mockler v. Russman, 102 N.J. Super. 582 (App. Div. 1968), and Bevilacqua v. Sutter, 26 N.J. Super. 394 (App. Div. 1953)  civil negligence actions  and stating:
Having the benefit of only the trooper's testimony, the court holds that the circumstances herein, particularly the unexplained unusual occurrence of the jackknifing of the tractor-trailer, and crossing of the highway, permit this court to apply the doctrine of res ipsa loquitur as set forth in Bevilacqua. See also 79 A.L.R.2d 6.
Prosecution for a motor vehicle violation is a quasi-criminal proceeding and the State has the burden of establishing all elements of the offense beyond a reasonable doubt. State v. Cestone, 38 N.J. Super. 139, 147-148 (App. Div. 1955); State v. Ring, 85 N.J. Super. 341, 343 (App. Div. 1964), certif. den. 44 N.J. 407 (1965). Taking the evidence in a light most favorable to the State  see State v. Reyes, 50 N.J. 454, 458-459 (1967)  it appears that, on a wet roadway in a construction area marked by a dozen signs warning of danger, defendant's vehicle (according to the trooper's hearsay testimony) jackknifed, crossed into the opposite lane and struck another vehicle. There is no evidence that defendant was speeding or, indeed, that he drove "carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property." N.J.S.A. 39:4-97. State v. Tuccillo, 76 *218 N.J. Super. 584 (App. Div. 1962), on which the State relies, is critically distinguishable; that case involved an appeal from the Director of Motor Vehicles' revocation of defendant's driver's license, and was not a quasi-criminal proceeding. Cf. Cestone, above.
Res ipsa is properly invoked in negligence actions where the proofs disclose that the offending instrumentality was in defendant's sole control, that the occurrence bespeaks negligence, and there is no indication of contributory negligence. In such circumstances there arises a permissible presumption of negligence from plaintiff's proof, and defendant is required to come forward with an explanation that will refute the presumption and show that the accident did not occur by reason of his lack of care. The foundation of the rule is the policy of placing the onus of producing evidence on the party "possessed of superior knowledge or opportunity for explanation of the causative circumstances." Kahalili v. Rosecliff Realty, Inc., 26 N.J. 595, 605-606 (1958).
Employment of the res ipsa doctrine obviously places a burden squarely on a defendant to explain why he was not negligent. The doctrine has no place in criminal or quasi-criminal proceedings, where the burden is totally on the State to prove beyond a reasonable doubt that defendant violated a penal (or quasi-penal) statute.
Eliminating any benefit the State may have had from the improper invocation of the res ipsa doctrine, we find that the evidence adduced by the State did not support the conviction beyond a reasonable doubt.
Reversed.