George **ALLEN** et al., Plaintiffs,

v.

The **CITY OF WILMINGTON**, a municipal corporation of the State of Delaware, Defendant.

Court of Chancery of Delaware, New Castle.

Submitted Oct. 30, 1974.

Decided Nov. 22, 1974.

Harvey B. Rubenstein, Wilmington, for plaintiffs.

Perry H. Goldlust, Asst. City Sol., for defendant.

MARVEL, Vice Chancellor:

Plaintiffs herein, being AFL–CIO Local 320, the exclusive bargaining representative for the defendant's sanitation workers, and two of its officers, claim that the defendant has adopted a policy of requiring Union drivers to operate City garbage and refuse collection trucks in a manner designed to violate both City and State traffic law in that defendant allegedly requires the Union drivers of such trucks to leave their vehicles improperly unattended, with their motors running, while such drivers assist in the collection of garbage and refuse.

While relief is sought against the requirement by defendant that the Union drivers continue to commit alleged violations of such laws, no relief is sought in the complaint designed to protect such drivers from possible civil liability resulting from alleged violations of the traffic laws cited by plaintiffs.

21 Del.C. § 4180 provides:

"(a) No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, removing the key and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

Section 37–52 of the Code of the City of Wilmington, entitled "Unattended vehicles," similarly provides:

"No person having control or charge of a motor vehicle shall allow such vehicle to stand on any street unattended without first effectively setting the brakes, stopping the motor, locking the ignition and removing the keys from such motor vehicle, and when standing upon a perceptible grade, without turning the front wheels of such vehicle to the curb or side of the street."

Section 37–2 of the Code of the City of Wilmington entitled "Public employees to obey traffic regulations—" reads as follows:

"The provisions of this chapter shall apply to the driver of any vehicle owned by or used in the service of the United States government, or this state, county or city, and it shall be unlawful for any such driver to violate any of the provisions of this chapter, except as otherwise permitted herein."

As noted above, plaintiffs seek injunctive relief against defendants present requirement that drivers of the plaintiff Union leave their sanitation vehicles unattended and with motors operating while they collect garbage and refuse, and a declaratory judgment to the effect that the complained of action required of the drivers of defendant's sanitation vehicles be held to be violative of the above quoted State statute and code provisions of the City of Wilmington.

What constitutes an unattended vehicle with motor running within the meaning of laws such as the ones in issue has been held not to exist in a situation in which " * * * the car has someone in a position to prevent its moving.", Collins v. Luper, 12 Md.App. 109, 277 A.2d 445, and Hochschild, Kohn & Co. v. Canoles, 193

Md. 276, 66 A.2d 780. However, there is no Delaware precedent under either the statute or the code. In fact, at the present juncture of this case, it is not clear exactly how the garbage and refuse collections here in issue are being carried on.

Next, while no arrests, injuries or losses arising out of defendant's garbage and refuse pick-up procedures are alleged in their complaint, plaintiffs' basic argument is that they are entitled to the relief prayed for because their Union drivers are on the horns of a dilemma in that if such drivers should decline to leave their vehicles while they collect garbage and refuse, they will expose themselves to discharge or discipline by the City, while, if they leave their trucks unattended, in violation of the cited laws, they will expose themselves to arrest as well as to civil liability.

Defendant has moved to dismiss the complaint on two grounds (1) that plaintiffs are seeking the enforcement of a municipal traffic ordinance in a court which by its very nature is without jurisdiction to enforce criminal laws rather than in a court of competent jurisdiction, namely a criminal court, and (2) that plaintiffs have failed to state a claim upon which relief can be granted. This is the opinion of the Court on the pending motion.

In the case of Craven v. Fifth Ward Republican Club, 37 Del.Ch. 524, 146 A.2d 400, this Court, after noting that: "Generally speaking, this court does not enforce the criminal laws—" went on to grant preliminary injunctive relief against the defendant's continuing use of its club premises for the sale of alcoholic beverages [1] at proscribed times, the Court taking jurisdiction on the basis of its power to revoke corporate charters when abused, as well as to enjoin public nuisances in a situation in which the equities favored the plaintiff, who sought merely to enjoin the continuing illegal sale of alcoholic beverages.

On the record before me, however, no analogy can be drawn to the case of Craven v. Fifth Ward Republican Club, supra, no reference being made in the complaint to arrests of Union drivers over the period which has elapsed since the drivers of defendant's sanitation trucks have been required to pick up garbage and refuse, and no showing having been made of personal or property damage and consequent liability on the part of Union drivers resulting from the operation of defendant's trucks under the present sanitation crew pick-up procedure.

Furthermore, insofar as plaintiff seeks a declaratory judgment, it is established that unless there is some special basis for equitable jurisdiction, as measured by traditional standards, this Court is without jurisdiction in an action for a declaratory judgment, Jefferson Chemical Co. v. Mobay Chemical Co., Del.Ch., 253 A.2d 512. See also City of Wilmington v. Delaware Coach Co., 43 Del.Ch. 343, 230 A.2d 762, to the effect that the Declaratory Judgment Act, 10 Del.C. § 6501 et seq. has not enlarged the traditional jurisdiction of this Court. In other words, this Court may not, merely because of the passage of such act, grant advisory opinions.

None of the unique factors which moved this Court in Craven v. Fifth Ward Republican Club, supra, to enjoin continuing criminal action being present here, I am satisfied that plaintiffs have not stated a cause of action cognizable in a court of equity. The complaint herein will therefore be dismissed for failure to state a claim upon which relief can be granted.

An appropriate form of order may be submitted.

---

1. Defendant's president, Stephen A. Smith, had according to plaintiff's affidavits, sustained four convictions for illegal sales of alcoholic beverages over the preceding seven years. In addition, there was an illegal sale of alcoholic beverages charge pending at the time of argument as well as a self-incrimination plea of Mr. Smith concerning the current year's operation of the Club.