174 N.J. Super. 513 (1980)
417 A.2d 54
STATE OF NEW JERSEY, PLAINTIFF,
v.
KENNETH R. ROENICKE, DEFENDANT.
Superior Court of New Jersey, Law Division Morris County.
Decided May 2, 1980.
*515 James C. Fogarty for the State (Peter D. Manahan, Morris County Prosecutor).
George T. Daggett, for defendant (Daggett, Kelly & Graves, attorneys).
MacKENZIE, J.S.C.
Defendant appeals from the judgment of the Rockaway Township Municipal Court finding him guilty of reckless driving *516 in violation of N.J.S.A. 39:4-96. He was fined $40 and assessed $10 in costs.
The only summons issued to defendant charged him with driving under the influence of alcoholic beverages. N.J.S.A. 39:4-50(a). After hearing the proofs, the municipal court judge determined that the charge of "drunk driving" had not been proven beyond a reasonable doubt, but he found defendant guilty of the uncharged offense of reckless driving. In effect, the judge on his own motion amended the complaint to charge what he believed to be a lesser included offense. The judge apparently misunderstood the restriction contained in R. 7:10-2, which prohibits amending to a substantively different offense.
The facts underlying this appeal are relatively simple. On July 28, 1979, at about 11 p.m., Trooper Delesio was assigned to investigate a one-car accident off the westbound lane of Route 80. Defendant was driving his family home on the interstate highway from a friend's house when his car swerved to the right, jumped the curb and went down an embankment.[1] The trooper found the car upside down at the bottom of the embankment. After observing and listening to defendant as well as smelling his breath, the officer concluded he was under the influence of alcohol. A blood sample taken at the hospital some two hours after the accident indicated a blood alcohol content of .102%. At trial defendant admitted drinking four or five beers during the day of the accident. On these proofs defendant was convicted of reckless driving.[2] This was error.
The general power of a municipal court judge to amend a complaint is not questioned. R. 7:10-2 provides:

*517 The court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial but no such amendment shall be permitted which charges a different substantive offense (other than a lesser included offense).... [Emphasis supplied]
Reckless driving (N.J.S.A. 39:4-96), however, constitutes a different substantive offense from driving under the influence (N.J.S.A. 39:4-50(a)). Consequently, the municipal court judge's own amendment can be upheld only if reckless driving is a lesser included offense of drunk driving. No New Jersey appellate court has previously addressed this question.
State v. Jahn, 121 N.J. Super. 209 (Cty.Ct. 1972), is of some analytical value. The court held that the municipal court judge erred by amending the complaint to conform to the evidence and by finding defendant guilty of speeding after acquitting him on the charged offense of careless driving. The court determined that since speeding is not an essential element of careless driving, speeding could not be a lesser included offense.[3]
N.J.S.A. 39:4-50 requires proof that an individual was operating a motor vehicle, whether or not on a highway, while his ability to do so was deleteriously affected by alcohol. The essence of the offense is the impaired condition of defendant's physical coordination or mental faculties rather than the manner in which he is driving. Indeed, the vehicle need not actually be moving for one to be convicted. Compare State v. Sweeney, 40 N.J. 359 (1963), with State v. Daly, 64 N.J. 122 (1973).
On the other hand, reckless driving necessitates the driving of a vehicle on a highway "heedlessly, in willful or wanton disregard of the rights and safety of others, in a manner so as to endanger, or to be likely to endanger a person or property...." The essence of N.J.S.A. 39:4-96 is grossly *518 improper operation of a vehicle which threatens others. State v. Francis, 67 N.J. Super. 377, 382 (App.Div. 1961). While reckless driving may be a factor in determining whether one is driving under the influence, it is not a necessary ingredient. See State v. Jahn, supra, 121 N.J. Super. at 212; cf. N.J.S.A. 2C:1-8(d)(1). Thus, reckless driving is not a lesser included offense of a drunk driving charge. Hence, the municipal court judge exceeded his authority in amending the complaint. Since reckless driving is not a lesser included offense, Roenicke's guilt was not determined solely upon the complaint he was called upon to face, N.J.Const. (1947), Art. I, par. 10. State v. Begyn, 58 N.J. Super. 185, 201 (App.Div. 1959), aff'd 34 N.J. 35 (1961). To hold otherwise under these circumstances would deprive defendant of the opportunity to prepare and defend against the new charges at an evidential hearing. See State v. Koch, 161 N.J. Super. 63, 65 (App.Div. 1978).
Even if this court upheld the municipal court judge's amendment of the complaint, defendant could not be convicted of reckless driving on these proofs. Defendant was involved in a one-car accident which was not observed by the trooper or any other witness. The State failed to establish beyond a reasonable doubt that he drove in a reckless manner. In State v. Wenzel, 113 N.J. Super. 215 (App.Div. 1971), defendant was charged with careless driving when his tractor trailer jacknifed and struck another trailer. The State's only witness did not see the accident. There was no evidence defendant was speeding or that he drove without due caution or circumspection. However, both the municipal and county courts determined that an otherwise unexplained jacknifing was indicative of careless driving. The Appellate Division reversed, holding the res ipsa doctrine employed by the lower courts had no place in a quasi-criminal action for careless driving. The rationale of the Wenzel decision applies to this case.
Defendant cannot be found guilty of reckless driving, and his conviction is set aside.
NOTES
[1] Defendant testified that he thought he saw a car coming into his lane and swerved to avoid it.
[2] A blood alcohol reading of .10% creates the presumption that the driver was under the influence of intoxicating liquor. N.J.S.A. 39:4-50.1. Roenicke's acquittal on the charged offense of drunk driving bars retrial on the basis of the prohibition against double jeopardy. State v. Lanish, 103 N.J. Super. 441 (App.Div. 1968), aff'd o.b. 54 N.J. 93 (1969); see, also, State v. Tropea, 78 N.J. 309, 313 (1978).
[3] Compare Jahn with State v. Willhite, 40 N.J. Super. 405 (Cty.Ct. 1956), where the court merged a speeding offense into a reckless driving conviction since the defendant's speeding was an integral part of the reckless driving charge.