THOMPSON, Chief Judge.
On January 15,1982, Robert Mullikin, the respondent, was involved in an automobile accident and was arrested by the Newark Police Department. He was charged with driving under the influence, leaving the scene of the accident, and careless driving. In Alderman’s Court in the City of Newark, the respondent pled guilty on February 3, 1982 to the careless driving charge and nolo contendere to a charge of leaving the scene of an accident.
The present controversy stems from the State’s prosecution in this Court of the driving under the influence charge. Counsel for the respondent has moved to dismiss the pending driving under the influence petition against his client on the following grounds: (1) that after the respondent pled guilty to careless driving, prosecution of driving under the influence subjects the respondent to being “twice put in jeopardy for life or limbs” in violation of the fifth amendment of the Federal Constitution and Article 1, Section 8 of the Delaware Constitution; and (2) that the penalty provision, 10 Del.C. § 937(d)[1], is unconstitutional because it denies the respondent the equal protection of the laws guaranteed by the fourteenth amendment of the United States Constitution. If the Court holds that 10 Del.C. § 937(d) is unconstitutional, the respondent seeks, in the alternative, to have the more lenient adult first offender provisions of 21 Del.C. § 4177B[2] deemed applicable to him.
The State opposes the motion and has moved to dismiss the respondent’s motion.
If the pending charges subject the respondent to double jeopardy, the petition must be dismissed and the Court need not reach the equal protection issue. Thus, before addressing the equal protection argument advanced by the respondent, the Court shall determine whether prosecution of the driving under the influence charge constitutes multiple prosecution of the same offense prohibited by the double jeopardy clause.
Double jeopardy, proscribed in juvenile as well as criminal proceedings, Breed v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), is forbidden by the fifth amendment of the Federal Constitution and Article I, Section 8 of the Delaware Constitution of 1792. By virtue of the due process clause of the fourteenth amendment of the Federal Constitution, the fifth amendment guarantee against double jeopardy is enforceable against the states. Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Although these constitutional provisions forbid a state from placing an individual twice in jeopardy for the same criminal offense, they do not prohibit multiple prosecution of the same crim *373 inal act that constitutes two or more separate criminal offenses. Vincent v. State, Del.Supr., 256 A.2d 268 (1969); State v. Hamilton, Del.Super., 318 A.2d 624 (1974). Thus, if the alleged acts of the respondent gave rise to separate statutory offenses, the respondent’s double jeopardy claim fails.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court announced that the governing test to determine if there are in fact and law two separate offenses is whether each provision requires proof of an additional fact which the other does not. Driving under the influence, as defined in 21 DelC. § 4177[3], is established simply if the State can prove two elements: (1) operation of the vehicle with (2) the prohibited blood alcohol concentration. Coxe v. State, Del.Supr., 281 A.2d 606 (1971). In contrast, a prosecution for careless driving, in violation of 21 Del.C. § 4176(a)[4], focuses on the manner in which the accused drives. Although evidence that the defendant operated a vehicle while intoxicated is absolutely essential to support a conviction for driving under the influence, see State v. Heitter, Del.Supr., 203 A.2d 69 (1964), proof of this fact alone does not warrant a conviction for careless driving. State v. Licari, Conn.Supr., 132 Conn. 220, 43 A.2d 450 (1945); State v. Mahalik, Conn.Circ.Ct., 22 Conn.Sup. 400, 173 A.2d 897 (1961). Clearly, each provision requires proof of an additional fact which the other does not and constitutes a separate criminal offense. As a result, careless driving is not an “included ' offense of drunk driving, because an included offense, defined in 11 Del.C. § 206(b), is established by proof of the same or less than all the facts required to establish the commission of the offense charged. See State v. Roenicke, N.J.Super., 174 N.J.Super. 513, 417 A.2d 54 (1980).
The current prosecution of the driving under the influence charge does not subject the respondent to double jeopardy. Thus, on the first ground advanced by the respondent’s counsel, the motion to dismiss fails.
The argument that 10 Del.C. § 937 violates the equal protection clause is premature, and, therefore, the Court will not render an opinion on this issue at this time. Before there is an adjudication on the charge of driving under the influence, the question of the constitutionality of the penalty which may be imposed is not ripe for decision. The Court must refrain from rendering advisory opinions. See Allen v. City of Wilmington, Del.Ch., 329 A.2d 363 (1974).
The respondent’s motion to dismiss is denied.
IT IS SO ORDERED.

. 10 Del.C. § 937(d) reads in pertinent part:
[T]he Court must:
(1) Order the Motor Vehicle Division of the Department of Public Safety after an adjudication of delinquency in violation of Title 21, Delaware Code, § 4177B to:
(a) Revoke or suspend the driving privileges or operator’s license possessed by such child until that child reaches the age when he may legally consume intoxicating liquor....

. According to 21 Del.C. § 4177B, entitled First offenders; election in lieu of trial, the driver’s license and/or driving privileges of a person who elects to apply for enrollment in a course of instruction or course of rehabilitation shall be revoked by the Secretary for a period of one year.

. § 4177. Operation of vehicle while under the influence of intoxicating liquor or drug; penalties.
(a) No person shall drive, operate or have in actual physical control a vehicle, an off-highway vehicle, a moped or a bicycle while under the influence of intoxicating liquor or of any drug or any combination of drugs and/or intoxicating liquor.
(b) Any person charged under subsection (a) of this section whose blood alcohol concentration is one tenth of 1% or more by weight as shown by a chemical analysis of a blood, breath or urine sample taken within 4 hours of the alleged offense shall be guilty of violating subsection (a) of this section. This provision shall not preclude a conviction based on other admissible evidence.

. § 4176. Careless or inattentive driving.
(a) Whoever operates a vehicle in a careless or imprudent manner, or without due regard for road, weather and traffic conditions then existing, shall be guilty of careless driving.