**Ricky Wayne ASHLEY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–7167.**

Court of Appeals of Alaska.

Aug. 18, 2000.

Rehearing Denied Sept. 26, 2000.

---

Robert A. Sparks, Fairbanks, for Appellant.

David V. Burglin, Assistant District Attorney, Harry L. Davis, District Attorney, Fairbanks, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

## *OPINION*

COATS, Chief Judge.

A jury convicted Ricky Wayne Ashley of reckless driving [1] and failure to report a motor vehicle accident. [2] Ashley appeals his reckless driving conviction, contending that it is supported by insufficient evidence. Ashley also argues that Judge Wood abused his discretion in denying his motion to sever the reckless driving and failure to report an accident charges. He further contends that Judge Woods erred in admitting the testimony of police officers regarding possible causes of the accident and in qualifying Sergeant Charles Lovejoy as an expert. We conclude that Judge Wood did not abuse his discretion in denying Ashley's motion to sever the two charges against him. Ashley did not object to the officer's testimony at trial,

---

1. AS 28.35.040(a).

2. AS 28.35.080(a).

nor did he object to Judge Wood's qualification of Lovejoy as an expert. We, therefore, conclude that he has waived these evidentiary arguments on appeal. We also conclude that the evidence was sufficient to sustain Ashley's reckless driving conviction.

In the early morning hours of April 26, 1997, military police officer Christopher Enoch was dispatched to investigate a single vehicle accident that occurred on the Richardson Highway. When he arrived at the scene, he found an overturned four-wheel drive Dodge pick-up truck. Enoch searched the nearby woods for possible injured occupants. When none were found, he then began looking for possible causes of the accident.

Enoch stated that the truck was damaged and all of the glass was broken out of its windows. He noticed a strong odor of alcohol inside the truck and a substance that appeared to be vomit on the steering wheel. Enoch also detected blood stains on the outside of the driver's door. Outside of the truck, Enoch found a half a case of beer. Four or five of the beers were opened, and some of them appeared to have been damaged by impact.

According to Enoch, the weather on the night in question was clear. The road was damp with dew that had fallen the night before, but it was not slippery. In addition, the area to the right and left of the road was clear and cut back. Enoch measured skid and yaw marks at the scene and found that the driver's initial reaction point was approximately 538 feet from where the truck came to rest. Enoch testified that it looked like the driver had started to go off the road, perhaps as a result of falling asleep, swerving, or being distracted by something in the cab.

Later that morning, Alaska State Trooper Dane Gilmore was dispatched to the accident scene. Gilmore detected the odor of alcoholic beverages and saw vomit on the steering wheel. He also found that the glass in the windows was broken and detected a small amount of blood on the outside of the truck near the door. Gilmore estimated that the truck sustained approximately $20,000 to $25,000 in damage.

Sergeant Charles Lovejoy testified on behalf of the state as an expert on accident reconstruction. Lovejoy reviewed several photographs of the accident scene and talked to the military police and state troopers who investigated the accident. Lovejoy noted that the tire tracks went off the road and then back onto it as the road entered a curve. Lovejoy did not come to any conclusion as to why the truck initially left the road, and he was unable to determine the truck's speed at the time of the accident. But he stated that, in his experience, accidents that take place at a curve are often the result of the driver's inattention. Lovejoy concluded that this was likely what happened to Ashley.

Following the state's case-in-chief, Ashley moved for acquittal on the reckless driving charge, arguing that there was a lack of evidence of any conduct on his part that constituted reckless driving. Judge Wood denied Ashley's motion and the defense then presented its case. Ashley testified that he and his friend were driving from Fairbanks to Glennallen when the accident occurred. Before leaving Fairbanks, they stopped at a store, where Ashley bought a 12-pack of Dr. Pepper and his friend bought a 12-pack of beer. Ashley testified that after he drove through Delta Junction, he accelerated and put his truck on cruise control. Shortly thereafter a moose jumped out in front of him. Ashley dropped off the shoulder of the road on the right to avoid the moose and swerved back and forth on the road a few times, overcorrecting. Ashley finally slammed on his brakes and ultimately flipped his truck over. The jury convicted Ashley of reckless driving.[3]

■ Before we address the question of whether there was sufficient evidence to support Ashley's reckless driving conviction, we will briefly address the two other arguments that Ashley raises on appeal. First, Ashley argues that under *Daubert v. Merrell Dow*

---

**3.** The jury also convicted Ashley of Failure to Report a Motor Vehicle Accident, AS 28.35.080(a). Ashley has not appealed that conviction.

*Pharmaceuticals, Inc.,*[4] the police officers' testimony at trial regarding the possible causes of the accident was inadmissible because the officers failed to apply accident reconstruction techniques. Ashley did not object to the officers' testimony at trial, nor did he object to the court's qualification of Lovejoy as an expert. Ashley also failed to raise the admission of the officers' testimony, or the qualification of Lovejoy as an expert in his points on appeal. We therefore find that Ashley has waived these evidentiary arguments on appeal.[5]

■ Second, Ashley contends that the trial court abused its discretion when it denied his motion to sever the reckless driving and failure to report an accident charges. Prior to trial, Ashley moved to sever the reckless driving and failure to report a motor vehicle accident charges on the grounds that the alcohol evidence found at the accident scene was not admissible on the reckless driving charge. Judge Wood disagreed, and denied the motion to sever.

■ A motion to sever joined offenses encompasses two separate inquiries. First, we must determine whether the two offenses charged are so related as to make joinder proper. Second, we must determine whether joinder of the offenses for trial would unduly prejudice the defendant.[6] The two offenses with which Ashley was charged both arose out of his single-vehicle accident on April 26, 1997. The charges were thus based on the same "act or transaction" and properly joined under Criminal Rule 8(a)(2).[7]

Ashley claims that the alcohol evidence was not relevant to the reckless driving charge and he was unfairly prejudiced by its admission. To the contrary, the record reflects that Judge Wood found that the alcohol evidence was relevant to the reckless driving charge. As Judge Wood noted, the alcohol containers were "part of the observations of the police officers at the scene [from which] the jurors can draw reasonable conclusions[.]" We agree that the alcohol evidence was relevant to the reckless driving charge and accordingly find that Judge Wood did not abuse his discretion in denying Ashley's motion to sever.

■ We now turn to Ashley's argument that the evidence does not support his reckless driving conviction. Under AS 28.35.040(a), the state was required to prove that Ashley drove a motor vehicle in a "manner that create[d] a substantial and unjustifiable risk of harm to a person or to property."[8] The statute defines "substantial and unjustifiable risk" as "a risk of such a nature and degree that the conscious disregard of it or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation."[9]

The parties agree that reckless driving requires something more than mere negligence in the operation of a vehicle. The state also concedes that the occurrence of an accident by itself does not give rise to an inference of reckless driving. But the state relies on the circumstantial evidence in this case—specifically, evidence that alcohol had been consumed in the vehicle, the skid marks left by the truck, the damage to the vehicle, and the fact that the highway was relatively straight and dry. The state contends that this evidence, viewed in the light most favorable to upholding the jury's verdict, and combined with Trooper Lovejoy's analysis of the accident scene, is sufficient to support a conviction for reckless driving.

Ashley relies on several cases from other jurisdictions which hold that circumstantial evidence similar to the evidence presented in this case is insufficient to support a convic-

**4.** 509 U.S. 579, 592, 113 S.Ct. 2786, 2796, 125 L.Ed.2d 469 (1993).

**5.** *See O'Callaghan v. State,* 826 P.2d 1132, 1133, n. 1 (Alaska 1992); *Welcome v. Jennings,* 780 P.2d 1039, 1042 n. 4 (Alaska 1989).

**6.** *Nell v. State,* 642 P.2d 1361, 1363 (Alaska App. 1982).

**7.** *See Machado v. State,* 797 P.2d 677, 685 (Alaska App.1990).

**8.** AS 28.35.040(a).

**9.** *Id.*

tion for reckless driving.[10] In essence, these courts hold that, in addition to proving that the driver was involved in an accident, the government must produce affirmative evidence that the driver contributed to that accident by an act of recklessness. As defined in AS 28.35.040, an act of recklessness is an act that creates so great a risk to persons or property "that the conscious disregard of [this risk] or a failure to perceive it constitutes a gross deviation from the standard of conduct that a reasonable person would observe in the situation." If the evidence (viewed in the light most favorable to the government) still leaves a reasonable possibility that the accident occurred with no act of recklessness on the part of the driver, then the government's evidence is not sufficient to sustain a conviction for reckless driving.

For example, in *Powers v. Commonwealth*,[11] the government presented evidence that the defendant's vehicle traveled an erratic course on a highway for more than 900 feet and then struck some adjacent trees with such force that the motor was wrenched from the vehicle. The highway at the site of the crash was level, dry black top; there was a slight curve in the road, but there were no defects in the pavement. The night was clear.[12] In addition to this circumstantial evidence, the government relied on the testimony of a trooper who reconstructed the accident based on impressions left on the highway and the damage inflicted to the trees by the side of the road.[13] The court held that this evidence was insufficient to support the defendant's reckless driving conviction.[14] The court emphasized that no one (other than the driver) had witnessed the accident, and the court rejected the government's contention that the defendant's recklessness could be inferred from the circumstantial evidence. The court concluded that there was no way to determine precisely how or why the accident had happened,[15] and that the government's evidence left "[too] much to speculation and conjecture as to what caused defendant to lose control of the car."[16]

Similarly, in *State v. Roenicke*,[17] the defendant was convicted of reckless driving based on evidence that his car inexplicably swerved to the right, jumped a curb, and went down an embankment, where it landed upside down.[18] The trooper who arrived at the scene talked to the defendant and concluded that he was under the influence of alcohol. Indeed, a blood sample taken at the hospital two hours after the accident showed that the defendant's blood alcohol level was over .10 percent. Nevertheless, the court held that this evidence was insufficient to sustain a

---

10. See *State v. Esposito*, 642 So.2d 25, 27 (Fla. App.1994) (defendant's reckless driving conviction reversed where there was no evidence that he was speeding, drinking, or driving erratically, or that he failed to observe traffic regulations prior to hitting pedestrian); *State v. Dupree*, 264 N.C. 463, 142 S.E.2d 5, 6–7 (1965) (mere showing that defendant's automobile was on the left side of the road when it collided with another automobile, absent evidence that it was being operated at dangerous speed or in a perilous manner, was insufficient to make out a case of reckless driving); *State v. Hemingway*, 3 Conn. Cir.Ct. 293, 213 A.2d 77, 78 (1965) (evidence that an officer found three cans of beer in defendant's vehicle, defendant admitted he had two cans of beer, the other driver testified that defendant was "going kind of fast," the weather was clear, the area was well lit by street lights, the road was wide, and there were no cars parked on the side, was insufficient to sustain reckless driving conviction). *See also* 52 A.L.R.2d 1337, 1377–80 (1957) and A.L.R.2d Later Case Service, at 863–64 (1999). *But cf., Kennedy v. Com.*, 1 Va.App. 469, 339 S.E.2d 905, 907–08 (1986) (evidence that defendant fell asleep at the wheel and ran off the road was sufficient to sustain his conviction of reckless driving); *State v. Kingman*, 104 R.I. 635, 247 A.2d 858, 859–60 (1968) (evidence that defendant's vehicle climbed a curb and struck a utility pole, that the vehicle was damaged and defendant was injured, combined with defendant's inconsistent statements about how the accident happened, was sufficient to sustain reckless driving conviction).

11. 211 Va. 386, 177 S.E.2d 628 (1970).

12. *Id.*

13. *Id.* at 629.

14. *Id.* at 630.

15. *Id.*

16. *Id.*

17. 174 N.J.Super. 513, 417 A.2d 54 (1980).

18. *Id.* at 55.

reckless driving charge.[19] The court noted that the one-car accident was not observed by a trooper or any other witness (save the defendant). Because the government's case was circumstantial, the court found that the government failed to prove beyond a reasonable doubt that the defendant drove in a reckless manner.[20]

 While we acknowledge these decisions from other states, we do not find their reasoning persuasive. These decisions are based, either expressly or implicitly, on the notion that circumstantial evidence has less probative force than direct evidence—that a case based entirely on circumstantial evidence is automatically suspect. We follow a different rule in Alaska. Under Alaska law, there is "no categorical distinction between direct and circumstantial evidence." [21] In particular, when assessing the sufficiency of the evidence to support a criminal conviction, we apply the same standard regardless of whether the state's case is based on circumstantial or direct evidence.[22]

 Evidence is sufficient to support a conviction when fair-minded jurors, exercising reasonable judgment and taking the evidence in the light most favorable to the government, could find that the government had met its burden of establishing the defendant's guilt beyond a reasonable doubt.[23] Ashley's vehicle was involved in a single-car accident. The road was good and the weather was clear. Nevertheless, Ashley's vehicle swerved back and forth across the roadway, leaving skid marks for approximately 500 feet before it left the roadway. The state presented evidence that Ashley and his passenger had been consuming alcoholic beverages. An accident reconstruction expert testified that there was no apparent reason for Ashley's vehicle to leave the road, and that the most likely cause of the accident was driver inattention.

In the early days of statehood, the Alaska Supreme Court decided a case that raised a similar sufficiency-of-the-evidence issue in a civil context. *Rogge v. Weaver* [24] involved a negligence lawsuit arising out of a head-on collision between two trucks. The plaintiff was a freight company; the defendant was a construction company. Neither of the truck drivers testified, and there was apparently no other eyewitness to the collision. The plaintiff produced two witnesses who visited the scene of the accident some hours later. These witnesses testified that the freight company's truck was found on the far right-hand side of the road, with its right wheels off the roadway. Tire tracks in the snow showed that the truck had been on the far-right side of the roadway for the last 60 feet of its travel. The truck had not been moved since the collision, so the truck was apparently struck by the construction company's vehicle even though the driver had moved his truck as far as possible to the right to avoid the collision. The two freight company witnesses also testified that, at the site of the collision, the road was wide enough to easily accommodate both vehicles.

After the freight company's witnesses testified, the trial judge granted the defendant's motion for involuntary dismissal. The trial judge found that the freight company had failed to produce sufficient evidence that the construction company's driver had acted negligently. On appeal, the supreme court reversed the trial judge's decision and remanded the case to complete the trial.

The supreme court held that the testimony of the freight company's witnesses, if believed, established a *prima facie* case that the construction company's driver had acted negligently. That is, the court held that a finding of negligence could be sustained if the construction company offered no explana-

19. *Id.*

20. *Id.* at 56.

21. *State v. McDonald*, 872 P.2d 627, 653 (Alaska App.1994).

22. *See Des Jardins v. State*, 551 P.2d 181, 184 (Alaska 1976); *Simpson v. State*, 877 P.2d 1319,

1320 (Alaska App.1994); *Willett v. State*, 836 P.2d 955, 957 (Alaska App.1992); *Snyder v. State*, 661 P.2d 638, 641 (Alaska App.1983).

23. *See Dorman v. State*, 622 P.2d 448, 453 (Alaska 1981); *Pavlik v. State*, 869 P.2d 496, 497 (Alaska App.1994).

24. 368 P.2d 810 (Alaska 1962).

tion of the collision, or if the construction company offered an explanation but the finder of fact disbelieved it.[25] The court cited several cases from other jurisdictions holding that, when a collision occurs and the defendant's vehicle has been traveling on the wrong side of the road, this in itself is sufficient to support a finding of negligence.[26]

Ashley was driving a motor vehicle that, without apparent reason, began to swerve back and forth across the highway and finally left the road. Similar to the supreme court's conclusion in *Rogge*, we conclude that these circumstances, if unexplained, are sufficient to support an inference of recklessness.

We also note that Ashley took the stand and offered an exculpatory explanation of how the accident had occurred, but the jury evidently did not believe his account. When the jurors deliberated, they could consider the fact that Ashley had apparently offered a

knowingly false explanation for the occurrence.[27]

In sum, although the state's case against Ashley was almost entirely circumstantial, the courts of Alaska have repeatedly held that there is no special test that applies to cases based on circumstantial evidence. Here, we conclude that the state's evidence was sufficient to convince reasonable people, beyond a reasonable doubt, that Ashley was guilty of reckless driving.

Accordingly, Ashley's conviction for reckless driving is AFFIRMED.

25. *See id.* at 815–16.

26. *See id.* at 815.

27. *See* Former Alaska Criminal Rule 30(b) (as enacted by Supreme Court Order 79, effective February 1, 1966) ("Except as otherwise provided by statute or by these rules, the [trial] court shall instruct the jury ... on all matters of law which it considers necessary for the jury's information in giving their verdict, and whether or

not requested to do so, shall give the following basic instructions on all proper occasions: (1) That a witness wilfully false in one part of his testimony may be distrusted in other parts....") *Cf. Campbell v. State*, 594 P.2d 65, 67–68 (Alaska 1979); *Williams v. State*, 652 P.2d 478, 481 (Alaska App.1982) (a sentencing judge can properly consider the fact that the defendant has knowingly offered false testimony).