**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2500-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DUKE NYANGWESO,

    Defendant-Appellant.

_____

Submitted February 14, 2017 — Decided July 20, 2017

Before Judges Rothstadt and Sumners.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Municipal Appeal No. 11-5.

Beninato & Matrafajlo, L.L.C., attorneys for appellant (Dan T. Matrafajlo, on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

    Defendant Duke Nyangweso was convicted in municipal court for careless driving, N.J.S.A. 39:4-97. He appealed and after a trial

de novo in the Law Division, he was again convicted on January 15, 2016. For the reasons that follow, we reverse.

On March 3, 2015, defendant was issued a summons for careless driving by a New Jersey State Trooper. He later pled not guilty, and trial was conducted in Bayonne Municipal Court. The State presented the testimony of one witness, Cassandra Markman. Defendant did not present any witnesses.

Markman testified that:

> I was driving across the [Bayonne Bridge] at seven, . . . something in the morning. I looked in my rear view mirror. Traffic was pretty far behind me. The next thing I know traffic is slowing down and I get hit from the rear, which in turn caused me to hit another car in front of me. I get out of my car and I go around and I look and I see my bumper is hanging a little in the back.

Markman also identified defendant in court as the driver of the vehicle that rear-ended her.

Following the parties' summation, the municipal court judge found defendant guilty of careless driving. The judge rejected defendant's argument that Markman's testimony did not establish beyond a reasonable doubt that defendant was guilty. The judge found Markman to be credible, and determined that her testimony proved defendant was not operating his car with care when he hit Markman's car in the rear as she was slowing down in traffic on the Bayonne Bridge.

A-2500-15T3

Upon a trial de novo on the record, the Law Division judge found defendant guilty anew. Defendant contended there was no evidence indicating that he was inattentive and drove carelessly, and that the municipal court found him guilty based upon the theory of res ipsa loquitor — the sole fact that he rear-ended Markman, constituted careless driving. The Law Division judge was unpersuaded, and determined that the municipal court did not apply the doctrine of res ipsa loquitor in finding defendant guilty. He ruled:

> The accident itself, the impact, is direct evidence. The circumstantial evidence is what led up to it. This would not have occurred but for the fact that the defendant was inattentive, which in my mind means the same as without due caution and circumspection, right, and frankly, that's what this [c]ourt finds and it fits within the definition of careless driving.
>
> The [municipal court] stated and with these transcripts, it's always a little difficult, defendant had or should have had [complete] control of his vehicle, that means complete control, I believe . . . if he had total and complete control of his vehicle, he wouldn't have bumped into anything.

This appeal followed.

Before us, defendant argues:

> POINT ONE
> [THE] BURDEN OF PROOF IS UPON THE STATE TO PROVE EACH ELEMENT OF CARELESS DRIVING.

POINT TWO
THE [LAW DIVISION] CLEARLY MISINTERPRETED THE
CARELESS DRIVING STATUTE.

Our scope of review is limited to determining whether the findings by the Law Division judge could reasonably have been reached on sufficient credible evidence in the record, giving due deference to the credibility assessments of the municipal court judge and considering the proofs as a whole. State v. Locurto, 157 N.J. 463, 471 (1999) (quoting State v. Johnson, 42 N.J. 146, 161-62 (1964)). However, we review legal issues de novo. State v. Gandhi, 201 N.J. 161, 176 (2010).

Citing State v. Lutz, 309 N.J. Super. 317, 326-27 (App. Div. 1998), and State v. Wenzel, 113 N.J. Super. 215, 217 (App. Div. 1971), defendant contends that the Law Division inappropriately applied the doctrine of res ipsa loquitor in finding him guilty of careless driving merely because he rear-ended Markman's vehicle.

In Wenzel, we reversed the defendant's conviction based on what amounted to the "res ipsa doctrine," which "has no place in criminal or quasi-criminal proceedings, where the burden is totally on the State to prove beyond a reasonable doubt that defendant violated a penal (or quasi-penal) statute." Id. at 218. There, the defendant was charged with careless driving when his tractor-trailer jackknifed and struck another vehicle. Id. at

4                                           A-2500-15T3

216.  The State's only witness, a police officer, did not see the accident and there was no evidence establishing that the defendant drove without due caution or circumspection.  Id. at 216-17.  Nonetheless, both the municipal court and the Law Division determined that an otherwise unexplained jackknifing of a truck was sufficient to establish careless driving.  Id. at 217.  We disagreed, concluding there was no testimony that the defendant was speeding, or that he had driven carelessly.  Id. at 217-18.

Relying upon our precedent in Wenzel, we concluded in Lutz, that the municipal court and the Law Division judges improperly applied a res ipsa loquitur analysis in finding the defendant guilty of careless driving.  Lutz, supra, 309 N.J. Super. at 326.  We noted, "other than the [car] accident itself, the State only presented [the] defendant's statement that his vehicle began to slide on the wet highway and continued to do so when he tapped his brakes."  Id. at 327.

The underlying principles of Lutz and Wenzel apply here.  A person who drives "a vehicle carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving."  N.J.S.A. 39:4-97.  The only evidence presented by the State was Markman's testimony that defendant rear-ended her vehicle as she was slowing down on the bridge.  We conclude there

is no support in the record for the Law Division's finding that Markman's testimony was sufficient evidence that defendant was guilty of careless driving.

Contrary to the Law Division's statement that its decision was not based upon res ipsa loquitor, it effectively applied that standard. The mere fact that a collision occurred does not establish beyond a reasonable doubt that defendant was inattentive or driving carelessly. Given that the State Trooper did not testify, there was no indication what observations he made at the accident scene, or any statements made by defendant, that influenced his decision to issue defendant a summons for careless driving. As in Lutz, "[t]he State presented no evidence indicating that defendant had been speeding, driving too fast for the wet road conditions, distracted or otherwise driving without due caution and circumspection." Lutz, supra, 309 N.J. Super. at 327. Consequently, there was insufficient evidence to support defendant's conviction for careless driving.

Reversed and remanded to the Law Division for an entry of an order vacating defendant's conviction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2500-15T3